IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CLARE MICHELFELDER** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **DIANE C. MCGEE, et al.** | : | **NO. 13-7261** |

MEMORANDUM

SLOMSKY, J.                                                                              FEBRUARY 18, 2014

Plaintiff Clare Michelfelder brings this action against several attorneys and an apparent family member. For the following reasons, the Court will dismiss the amended complaint.

I.     **FACTS**

Plaintiff's claims arise out of litigation in state court pertaining to the estate of Eleanore Michelfelder, in which plaintiff appears to have had an interest. The amended complaint alleges that plaintiff's son engaged in a mediation that he believed to be non-binding. As a result of the mediation, it appears that the parties reached a settlement and that plaintiff and her son are now bound by the terms of that settlement. Plaintiff and/or her son attempted to argue in state court that plaintiff's name should not have been included in the settlement agreement, but the state courts were unreceptive to her claims.

Having been unsuccessful in state court, plaintiff filed the instant lawsuit against the attorneys involved in the mediation and a family member who appears to have been the Executor of the estate. As with her initial complaint, the Court understands her to be raising constitutional claims pursuant to 42 U.S.C. § 1983, and various state law claims. She appears to seek reversal of the state court's decision and invalidation of the settlement agreement so that she may recover additional funds from the estate.

1

## II. STANDARD OF REVIEW

As plaintiff is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the amended complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). As plaintiff is proceeding *pro se*, the Court must construe her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011). Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## III. DISCUSSION

Pursuant to the *Rooker-Feldman* doctrine, federal district courts lack jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild, LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (quotations omitted). Here, plaintiff, who lost in state court, filed this action seeking reversal of the state-courts' judgments because the state courts' rulings allegedly violated her constitutional rights. Accordingly, to the extent plaintiff is challenging her loss in state court, her claims fall within the *Rooker-Feldman* doctrine and will be dismissed for lack of subject matter jurisdiction. In any event, plaintiff has not stated a constitutional claim against any of the named defendants because, as with her initial complaint, the amended complaint does not reflect that they are state actors for purposes of § 1983. *See Angelico v. Lehigh Valley Hosp.,*

*Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) ("Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court."); *Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995) ("[A] suit under § 1983 requires the wrongdoers to have violated federal rights of the plaintiff, and that they did so while acting under color of state law.").

To the extent plaintiff is raising claims under state law that are not otherwise barred, the only possible basis for subject matter jurisdiction is 28 U.S.C. § 1332(a), which grants district courts jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." The Court cannot exercise diversity jurisdiction over this case because the amended complaint fails to establish that the parties are diverse.

A district court should generally provide a pro se plaintiff with leave to amend unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). Here, plaintiff was given an opportunity to cure the defects in her initial complaint, but failed to do so. Accordingly, plaintiff will not be permitted to file a second amended complaint, because it appears that further attempts at amendment would be futile.

### IV. CONCLUSION

For the foregoing reasons, plaintiff's amended complaint will be dismissed. An appropriate order follows.